IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WHAM-O-HOLDING, LTD., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ANRAN-2021, et al.,<br><br>    Defendants. | Civil Action No. 25-CV-7318-JPB |

**JOINT MOTION FOR ENTRY OF
CONSENT JUDGMENT AS TO DEFENDANT CHUNSHU (DOE #304)**

Wham-O-Holding, Ltd. and Intersport Corp. d/b/a Wham-O (collectively, "WHAM-O" or "Plaintiffs") and Defendant Chunshu DOE #304 ("Defendant") jointly move this Court for entry of a Consent Judgment pursuant to Federal Rule of Civil Procedure 54(a) and state as follows:

The Parties have reached a settlement agreement, which includes, among other things, Defendant #304 paying Plaintiffs two thousand U.S. dollars ($2,000.00) as compensation for trademark infringement. The settlement agreement between Plaintiffs and Defendant requires Walmart, which Defendant used to make online sales of products which infringed Plaintiffs' trademark rights, to transfer that settlement amount from Defendant's Walmart accounts to Plaintiffs.  However, Walmart requires a Court Order authorizing the transfer of the funds from Defendant's Walmart accounts to Plaintiffs. Thus, an order is requested to effectuate the Parties' settlement and authorize

Walmart to transfer $2,000.00 from Defendant's Walmart accounts to Plaintiffs.

## I. Statement of Facts

Plaintiffs are the owners of trademark registration number 739,307 for HULA-HOOP in connection with a variety of games and sporting goods. Defendant #304 is a seller on Walmart's online marketplace, that offered for sale and sold products infringing Plaintiffs' HULA-HOOP Mark. (Doc. 1-3, p. 305).

On December 19, 2025, Plaintiffs filed a Complaint alleging trademark infringement under the Lanham Act, 15 U.S.C. 1051 et seq., against a group of Defendants, including Defendant #304. (Doc. 1).

After Defendant #304 was served, the Parties initiated settlement discussions and reached an agreement. Specifically, the Parties agreed that Defendant #304 would permanently cease and desist from any and all infringement of Plaintiffs' trademark rights, including but not limited to the HULA-HOOP mark (U.S. Trademark Registration No. 739,307), and pay Plaintiffs two thousand U.S. dollars ($2,000.00) as compensation for past infringement of Plaintiffs' trademark rights. The Parties also agreed that upon receipt of the settlement amount and compliance with all other terms of the Consent Judgment, Plaintiffs would dismiss Defendant #304 from this action. These terms are detailed in the proposed Consent Judgment.

## II. Argument

### A. Standard for Approval of a Proposed Consent Judgment

A consent judgment is a court order which embodies terms agreed upon by the

parties as a compromise to litigation. (*Sierra Club v. Meiburg*, 296 F.3d 1021, 1023 (11th Cir. 2002)). It is essentially a judicially approved contract, for purposes of construction. (*Id*.). While maintaining the weight of a judicial ruling, it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all. (*Id*.)

Under Eleventh Circuit law, a district court may enter a consent judgment as an exercise of its judicial power provided the judgment constitutes a final judicial order and is within the court's jurisdiction. A consent judgment is not merely a private contract but a judicial act: it is "a final judicial order entered by the court and enforceable as such." (*Sierra Club v. Meiburg*, 296 F.3d 1021, 1027 (11th Cir. 2002)). Because entry of a consent judgment is a judicial act, the court may adopt the parties' agreement and give it the force of a judgment, provided the relief is lawful. (*Id*.; see also *Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997)).

A district court will enter a consent judgment where the proposed judgment (1) resolves the action by finally determining the parties' rights and obligations, (2) imposes relief the court could lawfully grant if the case were adjudicated, and (3) reflects a fair and reasonable resolution of the dispute. (*Stovall*, 117 F.3d at 1240-42). When these requirements are met, the court's role is not to adjudicate the merits but to exercise its judicial authority to terminate the litigation through entry of a binding final order. (*Meiburg*, 296 F.3d at 1027).

Consistent with Article III and Federal Rule of Civil Procedure 54(a), a consent judgment entered by the court operates as a final judgment: it ends the litigation on the

merits and leaves nothing for the court to do but execute the judgment. (*In re Celotex Corp.*, 700 F.3d 1262, 1265 (11th Cir. 2012)). Where the parties present a stipulated judgment that meets these criteria, Eleventh Circuit precedent recognizes the district court's authority to enter it and give it judicial effect. (*Meiburg*, 296 F.3d at 1027).

### B. **The Proposed Consent Judgment Meets the Standard for Approval.**

The proposed Consent Judgment embodies the terms agreed to by Plaintiffs and Defendant #304 to resolve their dispute.

The Court has subject matter jurisdiction over the dispute under the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over Defendant #304, who has appeared in this action through counsel and consents to the entry of this Judgment. The Parties are entering this Consent Judgment voluntarily, with the advice of counsel, and with full understanding of its terms and consequences. Furthermore, entering this Consent Judgment furthers the objectives of the Lanham Act in that it protects trademark owners and deters infringement.

Entering this Consent Judgment is within the Court's inherent authority to resolve cases by judgment. This Court retains jurisdiction over this matter to enforce the terms of this Consent Judgment, including but not limited to ensuring Defendant's compliance with the permanent injunction and payment obligations.

Lastly, the Lanham Act provides remedies for trademark owners whose

trademarks have been infringed. (15 U.S.C. §1117). The proposed Consent Judgment furthers this objective. The terms in the proposed Consent Judgment and the negotiations which preceded its drafting are fair, reasonable, legal, and in line with public policy. The Order's terms were mutually reached by the Parties, both of which are represented by counsel.

C.   **Conclusion**

Given the proposed Consent Judgment meets the requirements for approval, the parties respectfully request that the Court: (1) grant this Joint Motion for Entry of Consent Judgment as to Defendant Chunshu (DOE #304); (2) enter the proposed Consent Judgment filed herewith; and (3) order Walmart to transfer $2,000.00 from Defendant's Walmart accounts to Plaintiffs in accordance with the settlement agreement.

| | |
|---|---|
| Date: March 3, 2026 | Respectfully submitted, |
| /s/ Andrew J. Palmer<br>Andrew J. Palmer<br>**PALMER LAW GROUP P.A.**<br>110 East Broward Blvd, Suite 1700<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 771-7050<br>Email: ajpalmer@palmerlawgroup.com<br><br>*Counsel for Defendant* | */s/ Abby Neu*<br>Abby Neu<br>Georgia Bar No. 200207<br>David M. Lilenfeld<br>Georgia Bar No. 453299<br>**WHITEWOOD LAW PLLC**<br>5555 Glenridge Connector, Suite 200<br>Atlanta, GA 30342<br>Telephone: (872) 294-3263<br>Email: aneu@whitewoodlaw.com<br><br>*Counsel for Plaintiffs* |